HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AHMED AMR,

        Plaintiff,

v.

SHARON WHITTAKER and ANTHONY KELLY,

        Defendants.

Case No. 2:19-cv-00043-RAJ

**OMNIBUS ORDER**

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss, Dkt. # 5, as well as various motions filed by the parties, including Defendant's motion for relief the Court's standing order and Plaintiff's motions for recusal, for *de novo* review of a previous case, and for disqualification of defense counsel. Dkt. ## 9, 11, 12, 13.

For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss and **GRANTS in part** Defendant's Motion for Relief from the Court's Standing Order. Dkt. ## 5, 9. The Court **DENIES** Plaintiff's Motion for Recusal. Dkt. # 11. The Court also **DENIES as moot** Plaintiff's Motions to Disqualify and for *De Novo* Review. Dkt. ## 12. 13.

## II. BACKGROUND

*Pro se* plaintiff Ahmed Amr alleges that Defendant Sharon Whittaker, a court administrator with the City of Edmonds, improperly shredded court documents and tampered with court filings in a municipal case where he was a defendant. Dkt. # 1 at 5.

ORDER – 1

Plaintiff alleges the tampering was coordinated by Judge Linda Coburn, the presiding judge in the municipal case, and that Judge Colburn directed Defendant to tamper with the court records. *Id.* at 6. Plaintiff also alleges tampering by Defendant Anthony Kelly and Judge Kevin Carey, who presided over a bankruptcy proceeding in the District of Delaware allegedly related to municipal case. *Id.*

Plaintiff filed his Complaint in this Court on January 10, 2019. Dkt. # 1. Plaintiff seeks an order compelling Defendants to complete the record in the actions above and cease from further tampering. *Id.* at 14. He also seeks $550 million dollars on behalf of himself and other intervenors. *Id.* On January 24, 2019, Defendant Whittaker filed a motion to dismiss for failure to state a claim. Dkt. # 5. Plaintiff filed a response on January 29, 2019. Dkt. # 8. The parties have since filed several additional motions, including Defendant's motion for relief from the Court's standing order and Plaintiff's motions for recusal, for *de novo* review of a previous case, and for disqualification of defense counsel. Dkt. ## 9, 11, 12, 13.

### III. DISCUSSION

#### A. Motion to Dismiss Under Rule 12(b)(6) (Dkt. # 5)

Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and

ORDER – 2

its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Because Plaintiff is *pro se*, the court must construe his complaint liberally when evaluating it under the *Iqbal* standard. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). Although the court holds the pleadings of *pro se* plaintiffs to "less stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, the court should "not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Nevertheless, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)) (internal quotation marks omitted).

Plaintiff brings his Complaint under 18 U.S.C. § 1519, a criminal statute regarding the destruction, alteration, or falsification of records in federal investigations and bankruptcy actions. Dkt. # 1 at 3. In evaluating Defendant Whittaker's motion, the Court first notes that 18 U.S.C. § 1519 is a federal criminal obstruction of justice statute and does not provide a private right of action. *See Bratest v. Davis Joint Unified Sch. Dist.*, 2017 WL 6484308, at *4 (E.D. Cal. Dec. 19, 2017); *Peavey v. Holder*, 657 F.Supp.2d 180, 190 (D.D.C. 2009) (noting that "to date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action").

Even construing Plaintiff's Complaint liberally, the Court finds it proper to grant Defendant's motion. Plaintiff alleges primarily that Defendant shredded court documents and tampered with court filings at the direction of Judge Colburn. Dkt. # 1 at 4. Plaintiff

ORDER – 3

also claims that Defendant Whittaker "knew the record was being systematically corrupted from the start of the proceedings and she knew the plaintiff in the Edmonds proceedings . . . was directing their counsel to tamper with the court record." *Id*. at 6. The court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). After stripping the Complaint of these conclusory allegations, the Court finds there is no cognizable claim against Defendant.

Furthermore, as Defendant notes, "[j]udges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority). A like immunity extends to other government officers whose duties are related to the judicial process. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining that the clerk of court and deputy clerks qualify for quasi-judicial immunity unless acts were done in the clear absence of all jurisdiction); *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) (duties of clerks, bailiffs, and court reporters all relate to the judicial process). Plaintiff alleges here that Defendant was carrying out duties related to the judicial process at Judge Colburn's direction. Dkt. # 1 at 6 (alleging that Defendant is a "experienced court administrator[]" that knows court filings should not have been shredded). It appears that any amendment to the Complaint will fall within the purview of judicial or quasi-judicial immunity. However, the Court will allow Plaintiff an opportunity to amend his Complaint to allege actions taken that are not protected by these immunity doctrines. *McQuillion*, 369 F.3d at 1099.

ORDER – 4

### B. Motion for Relief from Standing Order (Dkt. # 9)

Defendant's counsel moves for relief from the Court's standing order requiring the parties to meet and confer, preferably in person. Counsel explains that Plaintiff has made graphic threats to him both in emails and in person. Dkt. # 9. The Court also notes that Plaintiff has engaged in hostile behavior toward Court personnel. A district court has the inherent power to discipline parties inside and outside the courtroom if their conduct disrupts the orderly and efficient manner of court proceedings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). Plaintiff is hereby **GIVEN NOTICE** that the Court has no tolerance for disruptive or threatening conduct and expects all parties to conduct themselves in an appropriate manner at all times. Any further irresponsible attacks on parties, counsel, or court personnel will result in appropriate sanctions for abuses of the judicial process. The Court will **GRANT in part** Defendant's motion and permit the meet-and-confer requirement to be satisfied telephonically.

### C. Motion for Recusal (Dkt. # 11)

Plaintiff moves for the undersigned to recuse himself from presiding over the action. Dkt. # 11. In what appears to be a repeating pattern, Plaintiff now accuses this Court's deputy clerk of tampering as part of a plan to derail his case. *Id.* at 4. He claims the undersigned may be biased in favor of the deputy clerk and requests a recusal hearing. *Id.* at 5.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987

ORDER – 5

F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff's motion is completely without merit. The Court is aware of no bias against Plaintiff or in favor of Defendants. Furthermore, there must be a factual showing of a reasonable basis for questioning the impartiality of a judge, or allegations of facts establishing other disqualifying circumstances. *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985); *see also U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (explaining that disqualification under Section 455(a) is necessarily fact-driven and may turn on subtleties in the particular case). "Conclusory statements and unsupported beliefs and assumptions are of no effect." *Maier*, 758 F.2d at 1583. Indeed, the Ninth Circuit instructs that "[f]rivolous and improperly based suggestions that a judge recuse should be firmly declined." *Id*. The Court elects to follow this course of action. Plaintiff's motion is **DENIED**. In accordance with Local Civil Rule 3(f), this Order will be referred to the Honorable Chief Judge Ricardo S. Martinez for review of this decision.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss and **GRANTS** in part Defendant's Motion for Relief from the Court's Standing Order. Dkt. ## 5, 9. The Court **DENIES** Plaintiff's Motion for Recusal. Dkt. # 11. The Court also **DENIES as moot** Plaintiff's Motions to Disqualify and for *De Novo* Review. Dkt. ## 12. 13.

DATED this 27th day of February, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District

ORDER – 6